# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

WILLIAM WHITE, Appellant, *v.* ISAAC V. PLACE, Respondent.

40 481
87 535

*Appeal from a judgment of a Justice's Court — when a new trial should be had in the County Court — Code of Civil Procedure, secs. 3068, 3071 — to oust the justice of jurisdiction it must appear to his satisfaction that the total of the accounts exceeds $400 — Code of Civil Procedure, sec. 2863, sub. 4 — an error in the determination of this question can only be reviewed on appeal — as to whether the question can be raised, when a new trial is had, in the County Court.*

Appeal by the plaintiff from a judgment of the Fulton County Court, reversing a judgment rendered by a justice of the peace in his favor, and dismissing the action, with costs.

The complaint before the justice was for work, labor and services performed and for property furnished the defendant at his request; also, for breach of contract in not making certain repairs to premises as agreed, and a balance, after deducting payments, was claimed of $176.12. The answer was a general denial, settlement, payment and set-off, and a balance in defendant's favor was claimed of fifty-nine dollars. Each party furnished a bill of particulars. The aggregate of plaintiff's bill as rendered, without deduction for payments, was $531.37. The aggregate of defendant's bill, without deduction, was $446.24.

The justice rendered judgment in plaintiff's favor for $176.12, with ten dollars and seventeen cents costs, in all $186.29; whereupon the defendant appealed to the County Court, and demanded a new trial in that court, as authorized to do by section 3068 of the Code of Civil Procedure. The justice made return on the appeal pursuant to section 3053 of the Code, without returning the evidence given on the trial before him. The defendant thereupon obtained an order from the County Court requiring the justice to make return, among other matters, of such evidence, and whether a motion was made on the trial at the close of the evidence by the

defendant to dismiss the action, on the ground that the court had no jurisdiction, because the accounts proved exceeded $400. Further return was then made, giving the evidence and stating that such motion was made and denied, and it was also stated that the defendant offered no evidence. In this condition of the record the defendant gave notice of a motion upon the original and further return, and all papers on file in the action, "for an order reversing or setting aside the judgment  *  *  *  and dismissing the action, on the ground that the justice had no jurisdiction thereof, with costs and costs of motion," and for general relief. The motion was granted and judgment was entered, reversing the justice's judgment and dismissing the action, with fifty-eight dollars and two cents costs, and from such judgment the plaintiff appealed to this court.

The court at General Term said : " The case was heard and disposed of by the County Court upon the original and further return of the justice, notwithstanding the defendant, in his notice of appeal, had demanded a new trial in that court, as provided ·for in section 3068 of the Code of Civil Procedure ; and the judgment of the justice was reversed and the action was dismissed on the ground that the justice had no jurisdiction of the case, although it is provided by section 3068 of the Code that if the defendant, in his notice of appeal, demand a new trial in the appellate court, he shall be entitled thereto ; and that by section 3071 of the Code it is provided that in such case, after the expiration of ten days from the time of filing the justice's return, the action shall be deemed an action at issue in such court, to be proceeded in as if the action had been commenced therein, except as otherwise prescribed. Passing for the present such irregularity or error in the County Court, if such it be, let us see whether the question of alleged want of jurisdiction was correctly determined on the facts as made to appear on the returns.

"After examining the evidence returned by the justice, and the figures adopted by the county judge, in his opinion, and holding that they did not show the total of the accounts of both parties exceeded $400, the court said : ' And again, the statute is that the justice shall be ousted of jurisdiction only when the sum total of the accounts of both parties, *proved to his satisfaction,* exceeds

$400; we have seen above that such sum total here, deducting payments of $240, which went in extinguishment of the accounts to that extent, was, as proved to *the satisfaction* of the justice, but $271.12; and whether or not proved to his satisfaction was a question of fact for that officer, made so, indeed, by the law itself. (*Glackin* v. *Zeller*, 52 Barb., 147; *Parker* v. *Eaton*, 25 id., 122.) His conclusion might be erroneous, in which case the judgment would be reversed for error, as in any other case where error was committed on the trial, and like any other case of mere error, the judgment would be good until reversed (*Glackin* v. *Zeller*; *Parker* v. *Eaton, supra*; also, *Lamoure* v. *Caryl*, 4 Denio, 370); and this would be the same, too, in a case where the title to lands came in question on the trial from the plaintiff's own showing. (*Koon* v. *Mazuzan*, 6 Hill, 44.) In such case the judgment rendered is not void, although erroneous. In *Parker* v. *Eaton* it is said that the determination of the justice is necessarily as conclusive on the question as on any other where jurisdiction is not affected by his finding, and this remark is referred to with approval in *Glacken* v. *Zeller*. So in *Koon* v. *Mazuzan*, Judge Cowen says: 'It is plain that the statute does not mean to deprive the justice of jurisdiction absolutely. It leaves him to judge whether the title be in question or not, and if he mistake, the judgment is voidable for error, not void for want of jurisdiction.' This principle applies alike in cases where the accounts of the parties, as proved, exceed $400, and where the title to lands is brought in question on the trial. (*Lamoure* v. *Caryl*, 4 Denio, 372.) If, then, we are to consider the case as one properly before the County Court *on the proof* contained in the justice's return, the reversal of the judgment rendered by him and the dismissal of the case for want of jurisdiction was wrong, inasmuch as no error in that regard is made to appear from the record. It follows that the case must in any view of it go back to the County Court for proper disposition on the appeal in that court.

" Whether the appellant can raise the question of jurisdiction above considered on the new trial in the County Court, *quære*. (*Crannell* v. *Comstock*, 12 Hun, 293; *Burns* v. *Howard*, 9 Abb. N. C., 321; *Contra*, *O'Donnell* v. *Brown.*, 3 Lans., 474; *Robertson* v. *Brink*, 13 W. Dig., 109.)

In *Stevens* v. *Benton* (2 Lans., 156) and in *Maxon* v. *Reed* (8 Hun, 618), the question of jurisdiction went to the validity of the process, and its due service, by which the justice took cogni-. zance of the case, and had no dependence upon the evidence given on the trial before the justice, hence those cases are not directly, if at all, in point. See, also, as bearing on the question, *Balja* v. *Rawley* (37 How., 120). This question will be settled when necessary to the decision of the case before the court. Such is not this case.

" Judgment of the County Court reversing that of the justice and dismissing the case reversed, and the case reinstated in that court, there to be disposed of on new trial, with costs of this appeal to abide the event."

*N. H. Anibal*, for the appellant.

*J. M. & H. Dudley*, for the respondent.

Opinion by BOCKES, J.; LEARNED, P. J., and LANDON, J., concurred.

Judgment of County Court reversed and cause sent back to County Court for trial, costs to abide event.